JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01227 JVS(KESx) | Date | August 22, 2016 |
| Title | SHARY SAID v. ORANGE COUNTY DISTRICT ATTORNEYS OFFICE, et al. | | |

Present: The Honorable  James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers)** **Order GRANTING Plaintiff's Motion Voluntarily Dismiss and
DENYING AS MOOT Plaintiff's Motion to Remand**

**ORDER,** *SUA SPONTE***, REMANDING ACTION TO ORANGE COUNTY SUPERIOR COURT**

Plaintiff Shary Said ("Said"), proceeding *pro se*, has moved to remand this action to Orange County Superior Court. Docket No. 14. Said alternatively moves for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). Id. Defendant Macy's West Stores, Inc. ("Macy's West") filed an opposition. Docket No. 17. Said filed a reply. Docket No. 19.

For the reasons stated above, the Court **grants** Said's motion for voluntary dismissal and **remands** the action *sua sponte* to Orange County Superior Court. The Court **denies as moot** Said's motion to remand.

1.  Introduction

In March 2016, Said sued 36 businesses and individuals in Orange County Superior Court, including, as relevant here, Macy's West. Docket No. 1-1. The complaint alleged various state law tort and contract claims, as well as one federal law claim for discrimination on the bases of national origin, race, religion, and gender in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. Id. Three months later, on June 28, 2016, Macy's West filed an answer in state court. Docket No. 1-2.

On July 1, 2016, Macy's West removed the action to this Court under 28 U.S.C. §

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01227 JVS(KESx) | Date | August 22, 2016 |
| Title | SHARY SAID  v.  ORANGE COUNTY DISTRICT ATTORNEYS OFFICE, et al. | | |

1441(a) for federal question jurisdiction. Docket No. 1. About one week later, on July 7, 2016, Said filed a notice of voluntary dismissal seeking to dismiss the action in its entirety. Docket No. 5. The clerk of court dismissed all but two defendants: Alec Tenace and Macy's West.[1] See Docket No. 16.

Said now moves to remand the action to Orange County Superior Court for, among other things, lack of subject-matter jurisdiction. Docket No. 14. Said alternatively moves to voluntarily dismiss her federal discrimination claim under Rule 41(a)(2). Id.

**2.   Analysis**

    2.1.   The Court grants Said's motion for voluntary dismissal.

Rule 41(a)(2) prohibits plaintiffs from voluntarily dismissing their action without the court's approval once the defendant files its answer. Fed. R. Civ. P. 41(a)(2). The standard for securing the court's approval is low, however. Courts generally will grant the plaintiff's motion for voluntary dismissal unless the defendant shows that it will suffer "legal prejudice" as a result of dismissal. Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987). In this context, "legal prejudice" means prejudice to some legal interest, claim, or argument. Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001).

Here, Said moves to voluntarily dismiss her federal discrimination claim. Docket No. 14. In its opposition, Macy's West does not identify, let alone establish, any legal prejudice that it will suffer if the Court dismisses this claim. The Court therefore grants Said's motion for voluntarily dismissal. The dismissal is without prejudice. See Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph . . . is without prejudice.").

    2.2.   The Court no longer has original jurisdiction.

---

[1] The clerk of court did not enter dismissal against Macy's West because, as discussed *infra*, the plaintiff must first secure the court's approval to dismiss an action when, as here, the defendant already filed an answer to the complaint. Docket No. 16 ¶ 5. The record does not indicate why the clerk of court did not dismiss Alec Tenace.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01227 JVS(KESx) | Date | August 22, 2016 |
| Title | SHARY SAID v. ORANGE COUNTY DISTRICT ATTORNEYS OFFICE, et al. | | |

Macy's West removed this action on the basis of federal question jurisdiction. Docket No. 1. However, the Court has dismissed Said's sole federal claim. Accordingly, the Court must determine whether there is original jurisdiction here. In its opposition, Macy's West argues that the Court has original jurisdiction over the remaining state law claims on grounds of diversity jurisdiction. Specifically, Macy's West argues that there is complete diversity because the only remaining parties are Said and Macy's West, and Said is a California resident and Macy's West is an Ohio corporation. Docket No. 18 at 11-12. The Court rejects this argument.

To establish diversity jurisdiction, there must be complete diversity between the parties. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). For diversity purposes, natural persons like Said are citizens of the states where they live, Kanter v. Warner-Lambert Co., 265 F.3d 843, 857 (9th Cir. 2001), and corporations like Macy's West are citizens of both their state of incorporation and the state where their principal place of business is located, 28 U.S.C. § 1332(c)(1). The party asserting diversity jurisdiction bears the burden of establishing complete diversity. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Macy's West has failed to establish complete diversity here, for two independent reasons.

First, and most importantly, Alec Tenace is still a defendant in this action, despite Said's attempts to dismiss him. Said alleges that Alec Tenace is a California resident, Docket No. 1-1 at 8 ¶ 12, and Macy's West has submitted no evidence establishing otherwise.

Second, and even if Alec Tenace was no longer a defendant, Macy's West has failed to establish complete diversity between Said and Macy's West. To establish its Ohio citizenship, Macy's West submits only a printout from the California Secretary of State website indicating that Macy's West is incorporated in Ohio. Docket No. 18-4 at 2. However, a printout from the California Secretary of State by itself is insufficient to establish complete diversity. See L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 940 (C.D. Cal. 2011) ("California district courts have found that reliance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01227 JVS(KESx) | Date | August 22, 2016 |
| Title | SHARY SAID v. ORANGE COUNTY DISTRICT ATTORNEYS OFFICE, et al. | | |

on a single piece of evidence, such as a Secretary of State printout, is insufficient for a party to prove the location of its headquarters under the nerve center test.").

    2.3.    The Court declines to exercise supplemental jurisdiction.

Because the Court no longer has federal question jurisdiction, and the Court otherwise lacks diversity jurisdiction, the Court must decide whether to exercise supplemental jurisdiction over Said's remaining state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction."). In determining whether to exercise supplemental jurisdiction over state law claims, courts must consider four factors: comity, judicial economy, fairness, and convenience. Sanford v. Memberworks, 625 F.3d 550, 561 (9th Cir. 2010). When federal claims are dismissed before trial, these factors typically "point toward declining to exercise jurisdiction over the remaining state-law claims." Id. Accordingly, absent exceptional circumstances, it is "generally preferable" for district courts to decline exercising supplemental jurisdiction when the state law claims are dismissed before trial. Harrell v. 20th Cent. Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991).

The Court declines to exercise supplemental jurisdiction here. First, comity strongly favors declining jurisdiction, as Said now proceeds exclusively on state law discrimination, privacy, contract, harassment, and stalking claims. Second, judicial economy similarly favors declining jurisdiction, as the Court has not performed any substantive legal analysis of these state law claims. Finally, considerations of convenience and fairness do not favor exercising supplemental jurisdiction: given the early stage of this litigation, proceeding in state court would not be unduly inconvenient or unfair to Macy's West. See Sanford, 625 F.3d at 561 ("When the single federal-law claim in the action was eliminated at an early stage in the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."). Because the balance of factors disfavor exercising supplemental jurisdiction, the Court declines to exercise supplemental jurisdiction here.

    2.4.    The Court remands the action to Orange County Superior Court.

Under 28 U.S.C. § 1447(c), the court must remand an action *sua sponte* if the court

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01227 JVS(KESx) | Date | August 22, 2016 |
| Title | SHARY SAID v. ORANGE COUNTY DISTRICT ATTORNEYS OFFICE, et al. | | |

loses subject-matter jurisdiction after removal. 28 U.S.C. 1447(c); Polo v. Innoventions Int'l, LLC, --- F.3d ---, 2016 WL 4394586, at *3 (9th Cir. 2016) ("No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court."). As discussed *supra*, the Court no longer has original jurisdiction over the action, and declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the Court remands the action *sua sponte* to Orange County Superior Court.

    2.5.    The Court denies as moot Said's motion to remand.

As an alternative to voluntary dismissal, Said moves to remand the action to Orange County Superior Court. Docket No. 14. Because the Court must remand *sua sponte* under section 1447(c), the Court denies Said's motion to remand as moot.

    2.6.    The Court declines to sanction Macy's West.

In her motion, Said requests that the Court sanction Macy's West for removing the action in bad faith. Docket No. 14 at 25-26. Said appears to request sanctions under 28 U.S.C. § 1447(c). Id. at 26 (citing Kanter v. Warner-Lambert Co., 52 F. Supp. 2d 1126, 1132 (N.D. Cal. 1999), which awarded attorney's fees and costs under 28 U.S.C. § 1447(c)). The Court declines to sanction Macy's West here.

Section 1447(c) provides that, if the court remands an action after removal, the court may award the non-removing party attorney's fees and costs incurred from the removal. 28 U.S.C. § 1447(c). "The standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, Macy's West had an objectively reasonable basis for removal because the operative complaint expressly alleged federal discrimination claims, which plainly invoked the Court's federal question jurisdiction.

## 3. Conclusion

For the reasons stated above, the Court **grants** Said's motion for voluntary dismissal and **remands** the action *sua sponte* to Orange County Superior Court. The

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 16-01227 JVS(KESx)　　　　　　　　　　Date  August 22, 2016

Title　　SHARY SAID  v.  ORANGE COUNTY DISTRICT ATTORNEYS OFFICE, et al.

Court **denies as moot** Said's motion to remand.

　　The Court **vacates** the hearing scheduled for August 29, 2016 at 1:30pm.

　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　00

　　　　　　　　　　　　　　　　　　　　Initials of Preparer　　kjt